## Case No. 6,464.

HIDELL et al. v. GIRARD LIFE INSURANCE, ANNUITY & TRUST CO.

[26 Pittsb. Leg. J. 199; 36 Leg. Int. 67; 7 Reporter, 391;[1] 14 Phila. 401; 6 Wkly. Notes Cas. 435.]

Circuit Court, E. D. Pennsylvania. Feb. 7, 1879.

DEED OF SETTLEMENT — TRUST—POWER OF REVOCATION—EXECUTION OF.

1. A., a single woman, assigned her property in trust for herself for life, with remainders, reserving a power to revoke or declare new trusts. Subsequently, immediately prior to her marriage, she "renewed the trust for five years," and immediately afterwards formally revoked it. Held, that the renewal for five years was, as such, ineffective, as the trust

[1] [7 Reporter, 391, contains only a partial report.]

required no renewal to maintain it during the grantor's lifetime; but that it operated as a revocation at the end of that period.

2. *Held* further, that as the power had been thereby completely exercised, the subsequent revocation was void, as being unauthorized, and had no effect.

3. Quaere, whether the instrument executing a power of revocation can contain a valid power to revoke the execution itself.

Hearing on bill and answer.

The bill, filed by W. H. Hidell and Dora R. Hidell his wife, in right of said Dora, against the Girard Life Insurance, Annuity and Trust Company, alleged that Mrs. Hidell, prior to her marriage, on June 24, 1872, conveyed and assigned her property to the defendant in trust, to collect and pay over the rents, with other active duties, during her lifetime, with remainder to the uses to be declared in her will, and the usual remainders over; reserving in the said deed of trust a power "at any time after the first day of July, 1875, by any instrument in writing executed in the presence of two witnesses, to modify, change and alter said trusts, and to declare new and other trusts upon which said estate shall then be held, or, at her pleasure, entirely to revoke the same." On October 27th, 1876, prior to her marriage, she executed and delivered to the defendant the following instrument: "I hereby renew the trust created by the deed of June 24, 1872, recorded in Deed Book J. A. H. No. 269, page 441, for five years from this date. Witness my hand and seal this 27th day of October, 1876. Dora Robinson. Witnesses: Annie Smythe, L. C. Freeman." Subsequently to her marriage she, with her husband, executed and delivered a formal revocation of the trust deed of June 24th, 1872, but the defendant refused to reassign the property. The bill prayed for a declaration that the original deed of trust was revoked by the last-mentioned instrument, and that the defendant be ordered to reassign the property. The answer admitted the facts alleged, and set forth that on October 31, 1876, Mrs. Hidell, then a single woman, was married to the complainant, but averred that the legal effect of the instrument of the 27th of October, 1876, was to deprive the grantor of the power to revoke for five years from its date.

A. Sydney Biddle and C. D. Freeman, for complainants.

Mr. Ridgway, contra.

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

McKENNAN, Circuit Judge. The deed of June 24, 1872, invested the defendant with the legal ownership of the property conveyed by it, during the life of Mrs. Hidell, the grantor, in trust that the defendant would receive and pay over to her the income of the trust fund, subject to her right, however, "at any time after the first day of July, 1875,

by an instrument in writing, executed in the presence of two witnesses, to modify, change and alter said trusts, and to declare new and other trusts upon which said estate shall then be held, or, at her pleasure, entirely revoke the same," etc. The writing of October 27, 1876, was executed as required by the trust deed, and purports to "renew" the trusts thereby created for five years from that date. For this specific purpose it was plainly ineffective, because, by force of the deed creating it, the trust was of indefinite duration, and needed no renewal to continue it. But it is operative as a limitation of the duration of the trust to five years, and so came legitimately within the scope of the reserved power. It was an exercise of this power with that specific effect, and as that was, therefore, its apparent purpose, such must be taken to have been its real intent. Can Mrs. Hidell now revoke this trust, and demand a reconveyance of the trust estate? To this end she has invoked the intervention of this court. It has been already said, that the paper of October 27, 1876, is a proper exercise of the power reserved in the original deed. It is a modification of the trust, inasmuch as it changes the indefinite period of its continuance to five years. But it is more than this. It is an exercise of the power of revocation. By the clearest implication it establishes the trust for five years, limits its continuance to that period, and reserves no power to change or terminate it sooner. I think there can be no doubt that, by force of that paper, the trust will terminate at the expiration of that time. Hence it is a revocation of the trust to take effect at the end of five years, with a declaration that it shall continue during that period. And the designation of a day certain in the future, for the termination of the trust, is just as appropriate an exercise of the reserved power, as would be a revocation to become immediately operative, because an unlimited right to revoke necessarily includes a right to fix the time at which the act of revocation shall take effect. There is high authority for the argument that a single exercise of a power of appointment or revocation exhausts the power. But where a power of revocation is once fully exercised, what is there left in the possessor of it, upon which a subsequent and entirely inconsistent exercise of it can rest? Such is the virtual effect of Mrs. Hidell's execution of the writing of October 27, 1876, establishing the trust for five years from that date, and terminating it on the 27th of October, 1881, whereby it is revoked as of the latter date, without leaving any residue of the original power in her of intermediate revocation. The bill must, therefore, be dismissed with costs.

---

HIERN (BORDEN v.). See Case No. 1,655.

HIESKILL (SULLIVAN v.). See Case No. 13,594.